Howell, J.
John G. Burton, as holder and owner, obtained an order of seizure and sale upon three notes, amounting to §1,000, and secured by mortgage on real property in the town of Tangipaho, parish of St. Helena, in payment of which they were given by Tlios. Ivron, the purchaser, and Edward Bicks, the other defendant. The notes are made payable “to John J. Wheat, sheriff, for the use of the succession of Barbara Burton, deceased,” and bear no endorsement or assignment.
Kron enjoined the sale on various grounds, one of which, want of title in plaintiff, is urged in this Court. Plaintiff, in answer to the injunction, alleged a transfer to him by all parties in interest of the notes sued on, and by praying for a judgment changed the executory to ordinary proceedings.
Judgment was rendered dissolving the injunction, and condemning defendant, Kron, to pay the amount of the notes less §1,000 paid thereon, and ordering the mortgaged property to be sold ; from which defendant has appealed.
It appears that there are seven heirs to tlio estate of Barbara Burton, for the sale of whose property the notes in suit were given, and the only evidence which appears in the record to establish the alleged assignment 'to plaintiff, is an informal appearance by counsel, of several of said heirs, in the following form:
“Now comes Elizabeth F. Womack, B. Y. Burton, Madison Burton and JohD Burton, tutor, and Delia Strickland, wife of C. E. Strickland, legal heirs and representatives of Celia Burton, and representing that they had transferred to John Burton all their respective interests in the notes sued on prior to the institution of this suit, alleges that the injunction herein sued out should be dissolved, wherefore they join defendant in his prayer for the dissolution of said injunction, with costs and damages. By their attorneys. (Signed) Amitee & Wilson.”
Admitting that third persons can thus become parties to a suit, and through counsel make judicial admissions in such a manner, and for such purpose (which we are not prepared to do), we cannot consider this proceeding sufficient. It is apparent that some of the above parties are minors, and others married women, who are not properly authorized to appear in Court, and no legal assignment of their rights is shown, and, besides, one of the heirs, the minor, Thomas Amacker, is not represented, and the document itself is vague as to the alleged transferee, and the intestate or author.
It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of Thos. Kron, perpetuating the injunction herein, with costs in both Courts.